Opinion filed October 23, 2014



In The

# Eleventh Court of Appeals

_____

## Nos. 11-14-00104-CR & 11-14-00118-CR

_____

## RUBEN RIOS ESPARZA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause Nos. 10868-D & 10870-D**

## M E M O R A N D U M   O P I N I O N

Appellant, Ruben Rios Esparza, entered an open plea of guilty in each case to the charged offense of delivery of marihuana in a drug-free zone. After a presentence investigation report was prepared, the trial court convicted Appellant, assessed his punishment at confinement for four years in each case, and ordered the sentences to run concurrently. We dismiss the appeals.

Appellant's court-appointed counsel has filed a motion to withdraw in both appeals. Each motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the briefs and motions for pro se access to the record and has advised Appellant of his right to review the records and file a response to counsel's briefs. The motion for pro se access has been filed and granted in our Cause No. 11-14-00104-CR, and Appellant has filed a pro se response in that cause.[1] He has not filed a response in the other cause.[2] However, we note that these cases were tried together.

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and

---

[1]We note that the clerk of this court sent Appellant a copy of the clerk's record and the reporter's record.

[2]By letter, this court granted Appellant more than thirty days in which to exercise his right to file a response to counsel's brief.

*Schulman*, we have independently reviewed the record, and we agree that the appeals are without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motions to withdraw are granted, and the appeals are dismissed.

PER CURIAM

October 23, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.